UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CIVIL ACTION
EX REL. SUN COAST CONTRACTING
SERVICES, LLC, ET AL.

                                                            NO.: 13-00297-BAJ-RLB
VERSUS                                                      LEAD CASE


DQSI, LLC, ET AL.                                           C/W 13-cv-00720-BAJ-RLB
                                                               13-cv-00652-BAJ-RLB
                                                               13-cv-00568-BAJ-RLB

FINAL RULING AND ORDER
ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is a **Motion for Reconsideration (Doc. 34)** filed by

Plaintiff Sun Coast Contracting Services, LLC ("SCCS") pursuant to Federal Rule of

Civil Procedure ("Rule") 59(e), seeking an order from this Court to alter or amend

its previous ruling that dismissed Plaintiff's claims with prejudice. Defendants

DQSI, Inc. ("DQSI") and Western Surety Company, Inc. ("Western Surety") oppose

the Motion. (Doc. 37). Upon being granted leave by the Court, Plaintiff filed a Reply

Memorandum in Further Support of Motion for Reconsideration. (Doc. 53).

Pursuant to the Court's preliminary Ruling and Order (Doc. 56) issued on

November 10, 2014, the Court denied in part and deferred in part Plaintiff's Motion.

On the issues deferred, the parties submitted further briefings. (*See* Docs. 57, 58).

Oral argument was held on December 3, 2014.

1

Jurisdiction is proper, pursuant to 28 U.S.C. §§ 1331, 1367. For the reasons explained herein, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Reconsideration.

## I.    BACKGROUND

On March 31, 2014, this Court issued a ruling granting Defendants' Motion for Summary Judgment. (Doc. 31). In granting the motion, the Court concluded that Plaintiff had failed to establish the existence of a contractual relationship under the Miller Act between Plaintiff and Defendants, due to an explicit non-assignment clause in the original Subcontract between Sun Coast Contracting, LLC ("Sun Coast Contracting") and Defendant DQSI. The Court further held that Plaintiff had failed to make a sufficient showing for non-contractual claims based on unjust enrichment, detrimental reliance, equitable estoppel, and waiver. Accordingly, the Court dismissed Plaintiff's claims with prejudice.

On April 28, 2014, Plaintiff filed a Rule 59(e) motion requesting that the Court reconsider and reverse its grant of summary judgment. For reasons explained it its Ruling issued November 10, 2014, the Court denied several issues raised by Plaintiff, but deferred judgment on three issues of: (1) newly discovered evidence, (2) waiver, and (3) unjust enrichment. It is these three deferred issues that the Court addresses in the instant Ruling.

## II. STANDARD OF REVIEW

### A. Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-moving party] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## B. Standard to Alter or Amend Judgment

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (*In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and cannot be used to "raise arguments that could, and should, have been made before the judgment issued." *Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

"A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Shaw v. Broadcast.com, Inc.*, No. 98-cv-2017-P, 2005 U.S. Dist. LEXIS 34553, at *5 (N.D. Tex. Dec. 20, 2005) (*Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *cf. Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (defining "manifest error" in the appellate review context as "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law"). Courts have significant discretion in deciding whether to grant a motion to reconsider under Rule 59(e). *Templet*, 367 F.3d at 479. Nevertheless, granting a motion for reconsideration is "an extraordinary remedy that should be used sparingly." *Id.* Thus, in determining whether to grant a motion to reconsider, courts

4

must balance "the need to bring litigation to an end" and "the need to render just decisions on the basis of all the facts." *Id.*

## III.    DISCUSSION

### A.    Newly Discovered Evidence

Plaintiff asserts that newly discovered evidence has become available since the Court's summary judgment ruling, giving rise to genuine issues of material fact. Specifically, Plaintiff argues that it has only recently received copies of the Request for Equitable Adjustment (REA) submitted by Defendant DQSI to the U.S. Army Corps of Engineers ("USACE") in an effort by DQSI to obtain additional compensation from USACE. (*See* Doc. 38-2 at pp. 2–3). According to Plaintiff, DQSI's submission of the documents to USACE constitutes conduct creating genuine disputes of material fact as to whose labor and materials DQSI utilized and with whom DQSI contracted. (*See id.*). According to Plaintiff, the REAs support the proposition that Defendant DQSI knowingly relied on documentations and estimates by Plaintiff, instead of Sun Coast Contracting, in order to obtain a benefit, thus demonstrating waiver of the non-assignment clause and Defendant DQSI's consent to contract with Plaintiff. (*See* 34-1 at pp. 6–7).

In the instant Motion, Plaintiff states that it had "long been requesting copies" of REAs submitted by Defendant DQSI to USACE in May 2013, (*see* Doc. 34-1 at p. 5), well before Plaintiff submitted its response to Defendant's Motion for

Summary Judgment on August 30, 2013.[1] It is apparent that Plaintiff knew that relevant REAs were in Defendants' possession during the discovery process and while it was formulating a response to Defendants' summary judgment motion. The onus was on Plaintiff to ensure, by Court order if necessary, that the REAs were produced. Yet the record reflects that Plaintiff never filed a motion to compel discovery of these documents or to reschedule deadlines.[2]

The Court acknowledges that Plaintiff's counsel may have made a conscious, strategic decision to stay discovery pending the outcome of a summary judgment motion. Nonetheless, the purpose of Rule 59(e) is not to permit the Court to amend or alter a prior judgment based on evidence that a party could have—and perhaps should have—presented to the Court but chose not to. "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479. *See also Knight v. Kellogg Brown & Root, Inc.*, No. CIV A 06-11164, 2008 WL 4861996, at *2 (E.D. La. Nov. 7, 2008), *aff'd*, 333 F. App'x 1 (5th Cir. 2009) ("[M]otions for reconsideration are not acceptable after-the-fact substitutes for the initial due

---

[1] Defendants filed their Motion for Summary Judgment on July 15, 2013. Upon being granted two extensions of filing deadlines by this Court, (*see* Doc. 14), Plaintiff filed its Motion in Opposition to Defendants' Motion for Summary Judgment on August 30, 2013.

[2] In its briefing submitted for oral argument, Plaintiff contends that "most of the REA documents" were not submitted by DQSI until after it filed its response to Defendants' summary judgment motion in August 2013, and that the "central REA relied upon by Plaintiff" was not submitted by DQSI to USACE until December 2013. (*See* Doc. 58 at pp. 1–2). Yet Plaintiff does not dispute that it knew submitted REAs were in Defendants' possession long before Defendants filed their summary judgment motion. Plaintiff even provides evidence of its (unsuccessful) request to obtain REAs on June 10, 2013. (*See* Doc. 34-3 at pp. 2–3). Plaintiff did not exercise due diligence to compel production of then-existing REAs for the Court's consideration. Therefore, the Court declines to consider as "newly discovered" Plaintiff's proffer of REAs filed after August 2013, for such evidence is the same type and goes toward the same proposition as evidence that was reasonably available to the Plaintiff at summary judgment.

diligence that Rule 56 requires of non-movants in opposing a motion for summary judgment.").

The REAs cannot properly be deemed "newly discovered." Accordingly, Plaintiff's Motion for Reconsideration on the issue of newly discovered evidence is **DENIED**.

**B.    Waiver**

Plaintiffs argues that the Court erred in its ruling on the issue of waiver, even apart from the allegedly "newly discovered" REAs. An essential element to the claim of waiver is "an actual intention to relinquish [an existing right], or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished." *Tate v. Charles Aguillard Ins. & Real Estate, Inc.*, 508 So. 2d 1371, 1374 (La. 1987). Plaintiff avers that Defendants waived their contractual right to enforcement of the Subcontract's non-assignment clause.

In granting summary judgment, the Court held that any assignment of the Subcontract from Sun Coast Contracting to SCCS was invalid, noting that the Subcontract contains an unambiguous non-assignment clause. On the issue of waiver, the Court was persuaded in its prior Ruling that Defendant DQSI had expressly refused to authorize assignment, based on Defendants' provision of an affidavit from DQSI's CEO Shelly Stubbs and an excerpt from e-mail correspondence with Stubbs. (*See* Doc. 31 at pp. 4–5, 7, (Docs. 8-2 at ¶ 8, 8-5 at p. 1)).

Plaintiff, however, directs the Court's attention to record documents that call into question the sufficiency of evidence on which the Court relied in its Ruling. Specifically, Plaintiff highlights an affidavit executed by SCCS Project Manager Matthew Booker stating that DQSI knowingly approved work performed by SCCS after December 2010, (Doc. 15-2 at ¶ 7), as well as an e-mail message to Stubbs showing that Stubbs was notified of Sun Coast Contracting's dissolution and the transfer of Sun Coast Contracting's license to SCCS, (Doc. 15-1 at pp. 4–6). Additionally, Plaintiff asserts, *inter alia*, that Defendant DQSI addressed letters to Plaintiff between 2012 and 2013, requesting performance from Plaintiff, not Sun Coast Contracting, under the Subcontract at issue. (*See* Doc. 15-1 at pp. 7, 16). All this, Plaintiff argues, raises a genuine dispute of factual issues regarding whether it was reasonable for Plaintiff to believe that Defendant DQSI had waived the non-assignment cause through its conduct.

Here the Subcontract contains a non-waiver provision, requiring waivers to be written and signed in order to have binding effect. (*See* Doc. 8-3 at p. 1). Notwithstanding such a provision without any allegation that Defendants executed a signed waiver, Plaintiff argues that Defendant DQSI's conduct induced Plaintiff's reasonable belief of waiver. Other district courts in the Fifth Circuit, applying Louisiana contract law, hold that a "nonwaiver clause is not a substantive bar to finding waiver" but instead is merely persuasive evidence of non-waiver. *W & T Offshore, Inc. v. Apache Corp.*, No. CIV.A. H-11-2931, 2014 WL 198492, at *16 (S.D. Tex. Jan. 16, 2014), *on reconsideration in part*, No. CIV.A. H-11-2931, 2014 WL

1600540 (S.D. Tex. Apr. 21, 2014). Defendants did not, either in their briefings or at oral argument, cite any legal precedent limiting the Court to the four corners of the contract in assessing the reasonability of Plaintiff's belief that waiver had occurred. Thus, the Subcontract's anti-waiver clause is not dispositive at the summary judgment stage, where Plaintiff has raised a genuine issue of material fact as to whether Defendants waived the non-assignment clause by their conduct.

Viewing the record in the light most favorable to the Plaintiff, as it must do when evaluating Defendants' summary judgment motion, the Court cannot entitle Defendants to judgment as a matter of law on the issue of waiver. Accordingly, Plaintiff's Motion for Reconsideration on the issue of waiver is **GRANTED**.

### C.    Unjust Enrichment

Finally, Plaintiff urges the Court's reconsideration on the issue of unjust enrichment. Plaintiff argues that the Court erred as a matter of law in dismissing Plaintiff's unjust enrichment claim upon finding that Plaintiff had another remedy at law available.

Louisiana law provides that "[a] person who has been enriched without cause at the expense of another person is bound to compensate that person," but such remedy for enrichment without cause "shall not be available if the law provides another remedy." La. C.C. art. 2998. A plaintiff need not ultimately prevail on another claim for a court to find that it was available. "The existence of a 'remedy' which precludes application of unjust enrichment does not connote the ability to recoup your impoverishment . . . . It merely connotes the ability to bring the action

9

or seek the remedy." *Carriere v. Bank of La.*, 702 So. 2d 648, 672 (La. 1996). For example, courts have found remedies at law available even when claims based in law were time-barred or never advanced. *See, e.g., Walters v. MedSouth Record Mgmt., LLC*, 38 So. 3d 241, 242 (La. 2010); *JP Mack Indus. LLC v. Mosaic Fertilizer, LLC*, 970 F. Supp. 2d 516, 520–23 (E.D. La. 2013).

There is an important difference, however, between a party having a potential claim but not pleading it, and a party having no valid basis whatsoever for a claim. Although the Court has ruled herein that the record gives rise to genuine factual disputes as to the issue of waiver, the validity of the contract itself remains contested. Indeed, the crux of Defendants' summary judgment argument is that no valid contractual agreement ever existed between Plaintiff and Defendants. Without a valid waiver, an issue that has yet to be determined, Plaintiff meets the no-other-remedy requirement for its unjust enrichment claim. *See Baker v. Maclay Properties Co.*, 648 So. 2d 888, 897 (La. 1995) (finding unjust enrichment damages appropriate where contract was an "absolute nullity" because based on unconstitutional statute and regulation).

While maintaining that Plaintiff is not the proper party to bring an action under the Miller Act, Defendants argue that "an unjust enrichment claim *cannot* stand along side [sic] a Miller Act claim." (Doc. 57 at p. 4) (emphasis in original). To the extent that Defendant is positing that an unjust enrichment claim may never be pleaded alongside another claim, the Court disagrees.[3] This Court has rejected the

---

[3] In support of their argument that an unjust enrichment claim cannot stand alongside a Miller Act claim, (*see* Doc. 57 at p. 4 n.16), Defendants rely in part on *Walters*, 38 So. 3d 241, as well as a Report

"blanket proposition that no plaintiff may ever plead an unjust enrichment claim alongside a claim which would grant a remedy at law." *Prop. One, Inc. v. USAgencies, L.L.C.*, 830 F. Supp. 2d 170, 181 (M.D. La. 2011). This Court has held that the law does not compel "an election of remedies between a contractual theory and an unjust enrichment theory prior to filing a complaint." *Id. See also Cent. Facilities Operating Co. v. Cinemark USA, Inc.*, No. CIV.A. 11-660-JJB, 2014 WL 3866086, at *5 (M.D. La. Aug. 6, 2014) (finding cognizable unjust enrichment claim in same suit in which plaintiff maintained claim of open account).

With the validity of Plaintiff's contract with Defendants still in question, and with no other potential remedies at law, the Court does not find a sufficient basis to dismiss Plaintiff's unjust enrichment claim at summary judgment based on the availability of other remedies at law. Accordingly, Plaintiff's Motion for Reconsideration on the issue of unjust enrichment is **GRANTED**.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff Sun Coast Contracting Services, LLC's **Motion for Reconsideration (Doc. 34)** is **GRANTED IN PART** and **DENIED IN PART**, consistent with the rulings herein.

---

and Recommendation issued by the Magistrate Judge in a case adjudged by this Court, *Cent. Facilities Operating Co. v. Cinemark U.S.A., Inc.*, No. CIV.A. 11-660-JJB, 2012 WL 1121217, at *3 (M.D. La. Feb. 29, 2012). In the final judgment on the merits of that same case, this Court clarified the limited application of *Walters* and the even more limited application of the Magistrate Judge's Report, and this Court ultimately found recovery available under unjust enrichment despite the plaintiff having pleaded another cause of action. *See Cent. Facilities Operating Co. v. Cinemark USA, Inc.*, 2014 WL 3866086, at *5 n.5 (M.D. La. Aug. 6, 2014). Thus, the Court here finds Defendants' reliance on these cases unpersuasive for this particular point.

**IT IS FURTHER ORDERED** that the Court's prior **Ruling and Order (Doc. 31)**, which granted summary judgment, is **VACATED** with respect to the two issues of (1) waiver and (2) unjust enrichment. The Court finds that Plaintiff's proffer of newly discovered evidence is not, in fact, "newly discovered" and, therefore, such alleged evidence does not comprise any basis for the Court's reconsideration of its earlier ruling.

**IT IS FURTHER ORDERED** that the matter is **REFERRED** to the Magistrate Judge for the issuance of a revised scheduling order.

Baton Rouge, Louisiana, this 17th day of December, 2014.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA