UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION |
| *Ex rel.* SUN COAST CONTRACTING | * | No. 13-297-BAJ-RLB |
| SERVICES, LLC (f/k/a and as successor | * | |
| in interest of SUN COAST CONTRACTING, | * | |
| LLC), ET AL. | * | CONSOLIDATED WITH: |
| | * | CV 13-568-BAJ-RLB |
| VERSUS | * | CV 13-652-BAJ-RLB |
| | * | CV 13-720-BAJ-RLB |
| DQSI, LLC, ET AL. | * | |
| | * | This Order pertains to No. 13-297 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Before the court is Sun Coast Contracting Services, LLC's ("Sun Coast") Motion to Compel DQSI, LLC ("DQSI"). (R. Doc. 133). Sun Coast seeks an order requiring DQSI to fully respond to its Requests for Admission within five days of entry of the court's order. The court granted Sun Coast's request for expedited consideration. (R. Doc. 135). DQSI has filed an opposition. (R. Doc. 140). Both parties seek recovery of their expenses incurred in bringing or defending the instant motion. The sole dispute between the parties is whether DQSI has a duty to respond to the Requests for Admission as propounded by Sun Coast in light of what appears to be a typographical error in the prefatory paragraph wrongly identifying the requests as having come from a non-party entity.

On June 2, 2015, counsel for Sun Coast served a "First Requests for Admission to Defendant, DQSI, LLC" on counsel for DQSI. (R. Doc. 133-2). The prefatory paragraph indicates that the Request for Admission was propounded on behalf of a non-party entity named

Integrated Pro Services, LLC. (R. Doc. 133-2 at 1).  The Requests for Production is signed by "Attorneys for Plaintiff, Sun Coast Contracting Services, LLC." (R. Doc. 133-2 at 3).

On June 30, 2015, just days before the deadline to respond to the Requests for Admission, counsel for DQSI indicated that they just "realized that these requests were improperly propounded by Integrated Pro Services, LLC, a non-party to this litigation" and that they would "be objecting to them in their entirety" should they not be withdrawn. (R. Doc. 133-3).  Counsel for DQSI recommended to counsel for Sun Coast that they should "propound Requests for Admissions on behalf of an actual party in the case." (R. Doc. 133-3).

The parties held a Rule 37 conference.  Counsel for Sun Coast informed DQSI that the designation of Integrated Pro Services, LLC was a typographical error and confirmed that the Requests for Admission were propounded on behalf of Sun Coast.  (R. Doc. 133-4 at 2).  The parties disputed whether there was any ambiguity regarding whether the Requests for Admission were propounded by Sun Coast or Integrated Pro Services, LLC.  (R. Doc. 133-4 at 1-2). Counsel for DQSI then stated that if counsel for Sun Coast did not withdraw the Request for Admissions propounded by "Integrated Pro Services, LLC" then it would "be forced to object" to all of those improper requests.  (R. Doc. 133-4 at 1).

On July 2, 2015, DQSI objected to all of the Requests for Admission on the basis that they were propounded by a non-party, Integrated Pro Services, LLC, in violation of Rule 26 of the Federal Rules of Civil Procedure. (R. Doc. 133-5).

On July 3, 2015, Sun Coast filed the instant motion.

This dispute should have been resolved by counsel without the intervention of the court. Counsel for Sun Coast could have obviated the need for this motion by having proofread the Requests for Admission before serving them.  Counsel for DQSI could have raised the issue well

before the deadline to respond to avoid an appearance of delaying discovery, particularly since it appears that there was no consideration given to a shorter response time upon receipt of a revised version, as also permitted by the Federal Rules of Civil Procedure. The court is now forced to expend its resources to resolve this dispute for the parties.

**IT IS ORDERED** that Sun Coast's Motion to Compel (R. Doc. 133) is **DENIED**. The court will not order further responses to the Requests for Production. As written, they are improperly propounded by a non-party. Based on the circumstances, the court also finds that the award of expenses to either side would be unjust. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that Sun Coast may propound the same Requests for Admission as those at issue in this Motion, but properly designated as having been issued by a party in this matter, within 3 days of the date of this Order. DQSI shall respond to Sun Coast's Requests for Admission within 10 calendar days after being served. Any other discovery not specifically addressed herein shall be governed by the default provisions and time frames of the Federal Rules of Civil Procedure and the court's scheduling order.

Signed in Baton Rouge, Louisiana, on July 16, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**