# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION |
| *Ex rel.* SUN COAST CONTRACTING | * | No. 13-297-BAJ-RLB |
| SERVICES, LLC (f/k/a and as successor | * | |
| in interest of SUN COAST CONTRACTING, | * | |
| LLC), ET AL. | * | CONSOLIDATED WITH: |
| | * | CV 13-568-BAJ-RLB |
| VERSUS | * | CV 13-652-BAJ-RLB |
| | * | CV 13-720-BAJ-RLB |
| DQSI, LLC, ET AL. | * | |
| | * | **Pertains to All Cases** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Before the court is DQSI, LLC's ("DQSI") Motion to Compel (R. Doc. 141) filed on July 15, 2015. DQSI seeks an order requiring the Hanover Insurance Company ("Hanover") to fully respond to its Requests for Production of Documents and Interrogatories, and for an award of costs and attorney's fees associated with the filing of its Motion to Compel. DQSI has filed a supplemental brief in support of its motion. (R. Doc. 152). Hanover has filed an Opposition. (R. Doc. 153).

Also before the court is DQSI's Motion for Expedited Consideration of its Motion to Compel (R. Doc. 142) filed on July 15, 2015.

## I.   Background

DQSI propounded the Requests for Production of Documents and Interrogatories at issue on June 12, 2015. (R. Doc. 141-2). On the evening of July 13, 2015, counsel for Hanover left a voicemail with counsel for DQSI stating that more time was needed to respond to the discovery requests. (R. Doc. 141-1 at 2).

On July 14, 2015, counsel for DQSI offered an extension to provide responses by the close of business on July 17, 2015. (R. Doc. 141-3 at 3). Counsel for Hanover replied by stating that the "responses will be much later." (R. Doc. 141-3 at 2). Counsel for DQSI then requested a Rule 37 conference for the next day, and counsel for Hanover stated that he was unavailable for the remainder of the week and that he would not be available for a conference beginning the week of July 20, 2015. (R. Doc. 141-3 at 1-2).

On July 15, 2015, DQSI filed the instant Motion to Compel. DQSI states that "[i]n view of the impending discovery deadline [August 7, 2015], Hanover's August 5, 2015 corporate deposition, and Hanover's evasive answers to when DQSI may expect discovery responses, DQSI had no other choice by file the instant motion." (R. Doc. 141-1 at 4). DQSI argues that because it has not received any timely responses or objection, Hanover has waived its right to object to its discovery requests and should be compelled by the court to provide immediate responses. (R. Doc. 141-1 at 4).

On July 23, 2015, DQSI filed a Rule 37 Certificate stating that DQSI's counsel made a good faith attempt to confer with counsel for Hanover prior to filing the motion to compel, and that DQSI was still waiting on response to its discovery requests. (R. Doc. 148).

On July 24, 2015, in light of an unopposed motion for extension filed by Hanover (R. Doc. 147), the court extended the deadline to complete all written, non-expert discovery to August 31, 2015, and the deadline to complete non-expert depositions to September 24, 2015. (R. Doc. 149 at 4).

On July 27, 2015, ten days after the extension offered by DQSI, Hanover provided written responses to the outstanding Requests for Production of Documents and Interrogatories. (R. Docs. 152-1 and 152-2).

On July 31, 2015, DQSI filed into the record a supplemental brief in support of its Motion to Compel. (R. Doc. 152). DQSI acknowledges that written responses were provided on July 27, 2015, but represents that no documents had been produced by July 31, 2015. (R. Doc. 152 at 2). DQSI reasserts its argument that Hanover has waived its objections to the discovery requests. (R. Doc. 152 at 2 and n.6). DQSI represents, however, that it has withdrawn its motion with regard to its Interrogatories and will "attempt to resolve any issues related to the Interrogatories" with DQSI without further involvement by the court. (R. Doc. 152 at 3).[1] With regard to its Requests for Production, DQSI maintains that the court should order Hanover to provide responsive documents without objection. (R. Doc. 152 at 3-5). Finally, DQSI represents that the parties are discussing beginning depositions on August 17, 2015, with Hanover's corporate deposition expected to be one of the first depositions. (R. Doc. 152 at 4-5).

On August 5, 2015, Hanover filed a timely Opposition to DQSI's Motion to Compel. (R. Doc. 153). Hanover argues that counsel for DQSI failed to hold a proper Rule 37 conference prior to filing the Motion to Compel. Hanover represents that, as of the date of its Opposition it has produced approximately 10,500 pages of documents. (R. Doc. 153 at 2). Hanover states that it "has informed DQSI counsel that it intendeds to continue producing the non-privileged and relevant documents to its discovery requests as they become available" and requests that DQSI's Motion to Compel either be denied or that Hanover be allowed a reasonable amount of time to finish its production before a decision is reached on the Motion to Compel. (R. Doc. 153 at 2).

---

[1] In its Reply Memorandum, DQSI changes course and specifically challenges responses to Interrogatory Nos. 10, 15, 16 and 17. (R. Doc. 154-1). At the time of the filing of the Reply, Hanover had already submitted its opposition to the Motion to Compel. Accordingly, Hanover has had no opportunity to address the sufficiency of those Interrogatory responses with the court and was specifically advised that DQSI had withdrawn that request. The parties are directed to confer, as required by Rule 37, regarding any disputed interrogatory responses. A renewed, timely Motion to Compel may be filed regarding any remaining issues. General objections, lacking in specificity as to the basis for the objection, will likely be deemed insufficient should the court be called upon to resolve any remaining disagreement.

Hanover further represents that its corporate deposition has not yet been scheduled. (R. Doc. 153 at 1).

On August 13, 2015, DQSI filed its Motion for Leave to File Reply Memorandum Exceeding Page Limitations (R. Doc. 154). The proposed Reply, which is 18 pages long, addresses responses to DQSI's Requests for Production of Documents and Interrogatories provided after DQSI filed its Motion to Compel. (R. Doc. 154-1).

## II.    Law and Analysis

As an initial matter, the court must determine whether DQSI satisfied the Rule 37 meet-and-confer requirement. A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The court finds that in light of the representations made in the motion, and the Rule 37 certification filed into the record on July 23, 2015 (R. Doc. 148), counsel for DQSI met the requirements of Rule 37(a)(1) by attempting in good faith to confer with counsel for Hanover prior to filing the motion. Given the impending discovery deadline of August 7, 2015, and Hanover's corporate deposition then scheduled for August 5, 2015, it was prudent for DQSI to file its motion to compel when it did.

If a party fails to respond fully to discovery requests made pursuant to Rule 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses pursuant to Rule 37. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). "If the motion is granted—or if the disclosure or requested discovery is provided after the motion is filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P.

4

37(a)(5)(A). The court must not order this payment, however, if the nondisclosure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

Here, DQSI propounded its Interrogatories and Requests for Production on June 12, 2015. There is no dispute that Hanover did not provide responses or documents within the 30 days allowed by Rules 33 and 34. Hanover waited until the evening of July 13, 2015, the day the responses were due, to leave a voice mail informing counsel for DQSI that additional time would be needed. Hanover provided written responses, including answers to interrogatories, on July 27, 2015. (R. Docs. 152-1 and 152-2). As of August 5, 2015, Hanover has produced "approximately 10,500 pages of documents," but has not completed its production. (R. Doc. 153 at 2).

The court finds Hanover's responses and productions to be untimely and insufficient. Hanover has not provided a sufficient explanation for why it did not provide responses by the deadline to respond. Hanover initiated its lawsuit on September 30, 2013[2] and was named as a defendant or cross-claim defendant in the other consolidated cases at approximately the same time.[3] The discovery requests propounded by DQSI should not have taken Hanover or its counsel by surprise.

While DQSI has withdrawn its motion with regard to its Interrogatories, it is still seeking an order recognizing that Hanover failed to make timely objections to its Requests for Documents, and, accordingly, has waived its objections. As Hanover did not make any timely objections, the court finds that it has waived its objections to DQSI's Requests for Production, with the exception of those pertaining to any applicable privileges, immunities, or other

---

[2] Civil Action No. 13-652.
[3] Civil Action No. 13-297; Civil Action No. 13-568.

protections from disclosure. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-cv-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

The parties have not indicated to the court when the corporate deposition of Hanover will be taken.[4] Hanover shall produce all non-privileged, responsive documents no later than August 21, 2015. Hanover shall confirm in its supplemental responses that no documents are being withheld on any basis not permitted by this Order.

Having provided Hanover an opportunity to be heard, the court concludes that it must award reasonable expenses to DQSI for bringing the instant motion, including attorney's fees, because Hanover's non-disclosure was not substantially justified and the award of expenses will not be unjust. DQSI did not submit anything to support an award of a particular amount of expenses and attorney's fees. A review of the motion and memorandum supports an amount of $250.00.

---

[4] The Reply Memorandum indicates that depositions are set to begin on August 21, 2015.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that DQSI's Motion to Compel (R. Doc. 141) is **GRANTED** as it pertains to the Requests for Production. Hanover shall produce all non-privileged, responsive documents no later than August 21, 2015.

The Motion for Expedited Consideration (R. Doc. 142) is **DENIED** as moot.

Signed in Baton Rouge, Louisiana, on August 17, 2015.

                      **RICHARD L. BOURGEOIS, JR.**
                      **UNITED STATES MAGISTRATE JUDGE**